Campbell v. Townsend.

JAMES CAMPBELL v. NATHAN TOWNSEND:

See this case for circumstances under which a judgment, otherwise void for want of certainty, will be sustained as sufficient.

The Act of January 26, 1839, (Hart. Dig., art. 265, *et seq.*,) repealed the 6th section of the act of December 20, 1836, (Hart. Dig., art. 235,) which conferred upon the County Courts jurisdiction of suits for money demands over one hundred dollars; and after the passage of such repealing act, the County Courts could exercise no further acts of jurisdiction in such causes, except to return and certify the proceedings therein to the District Courts, as required by the 4th section of the Act.    Consequently, after the 26th day of January, 1839, the clerk of the County Court had no authority to issue an execution on a judgment previously rendered by that court for a sum greater than one hundred dollars.

In the 4th section of the Act of 1839, above referred to, the word "process" is used in the sense of "proceedings," embracing the whole of the records in such causes, which, by that enactment, the judges and clerks of the County Courts were required to transfer to the District Courts.

After the passage of the Act of 1839, the clerks of the County Courts were no longer the legal custodians of the records of the suits so required to be transferred; and, therefore, they had no authority to attest copies or tran-scripts of such records so as to make them admissible in evidence.

ERROR from Lavaca.    Tried below before the Hon. Fielding Jones.

Trespass to try title, instituted by the plaintiff in error, Camp-bell, against Townsend, for the recovery of a tract of land in Lavaca county.

The defendant set up title to the land under sheriff's deed upon an execution sale of the land, made on the 3d of March, 1840. The execution under which the land was sold was issued on the

18th of January, 1840, by the clerk of the County Court against the plaintiff, Campbell, and one Hensley, upon a judgment against them rendered in that court on the 14th of January, 1839, for the sum of eight hundred and seventy-seven dollars and twenty-nine cents.

In support of his title under the sheriff's deed, the defendant offered a transcript of the record in the County Court, certified by the clerk of that court, by which the judgment appeared as follows:

"Marion, 8th July, 1836.

$751 24. Due N. Townsend, or order, seven hundred fifty-one dollars and twenty-four cents, value received.

HENSLEY & CAMPBELL.

Per W. R. Hensley.

Good money or its equivalent in star money.

Nathaniel Townsend, ⎫ Judgment against the defendants
v. ⎬ for debt and costs, in gold or
Hensley & Campbell. ⎭ silver."

By the same transcript it appeared that the first execution on this judgment had issued from the County Court on the 11th of April, 1839, which was returned "by reason of injunction having been obtained."

By a transcript from the District Court, the bill of injunction and the proceedings thereon were put in evidence by the defendant, by which it appeared that the injunction was dissolved in November, 1839. The bill of injunction did not call in question the merits of the judgment.

To the introduction of the transcript from the County Court, the plaintiff objected that the judgment was void for want of certainty; that the County Court clerk had no authority to issue the execution under which the land was sold, and consequently that the sale was void; that the County Court clerk had no authority to certify the transcript, not being the keeper of the record since the passage of the act of January 26th, 1839; and for other reasons not noticed in the opinion.

The court below overruled these objections, and allowed the evidence to go to the jury. The plaintiff excepted.

At the instance of the defendant, the court instructed the jury that the defendant had good title to the land under his deed from the sheriff. Instructions to the contrary effect, asked by the plaintiff, were refused.

There was verdict for the defendant, judgment accordingly, and a new trial refused. The plaintiff sued out his writ of error, and assigns for error the refusal of the new trial and of his instructions to the jury, as well as the various objections overruled by the court to the evidence offered by the defendant.

*John H. Robson*, for the plaintiffs in error.

*J. J. Holt*, for the defendant in error.

WHEELER, C. J.   Two objections were urged to the admission in evidence of the transcript of the judgment and execution from the County Court, which it is material to consider: 1st. That the judgment therein recited is void for want of certainty. 2d. That after the passage of the act of the 26th of January, 1839, (Hart. Dig., art. 265 to 268,) the County Court had not jurisdiction of the case or the rightful custody of the record, and the clerk thereof was without authority to issue the execution, or certify to the copy of the record as the keeper thereof.

It must be admitted that the judgment is very meagre, and if rendered at this day would scarcely be held sufficient to support an execution.   But when we consider the tribunal by which it was rendered, the loose practice that prevailed, the length of time that has elapsed, and that all the other papers in the case that might have been referred to, to supply its deficiences, are lost; and when it is considered further, that shortly after its rendition the defendants therein admitted its rendition and amount by their petition in the District Court to enjoin its execution, we should hesitate, in a collateral proceeding, to pronounce it void.   Under particular circumstances of such a nature, courts, it is believed, have sustained judgments as wanting in certainty as the present.   (Luter v. Rose, 16 Tex. R., 52, and cases cited.)

But it would be very difficult to give a satisfactory answer to
33

the remaining objection to the admission of the transcript in evidence. The act of the 26th of January, before cited, (Hart. Dig. art. 265,) repealed the 6th section of the act of the 20th of December, 1836, (Id. 235,) which conferred on the County Court jurisdiction to render the judgment, and provided that thereafter the chief justices of counties should "sit and exercise the powers of probate judges, conservators of the peace, commissioners of roads and revenues, and notaries public," (Id. art. 265,) and that "appeals from justices' courts shall, as heretofore, be returnable to the County Courts." (Id. art. 268.)

This is the enumeration of powers of the County Courts and the judges thereof, by the act of the 26th of January, 1839; and it is expressly declared that, "from and after the passage of this act, all powers and jurisdiction granted by law to the respective County Courts of this republic, not enumerated and defined in this act, be, and the same are hereby repealed." (Id. art. 265, §2.) Thus it is seen that the jurisdiction of the County Court was taken away before the issuance of the execution in this case. It would seem, therefore, that no further proceeding could be had in the case in that court. It would be difficult to invoke any recognized principles upon which the clerk of the court could issue an execution in the case after the jurisdiction of the court had been taken away. But the 4th section of the act goes further, and provides for transferring the case to the District Court, in these terms: "From and after the passage of this act, all process heretofore issued for an amount of one hundred dollars and upwards, created by the law of 1836, shall, by the judge and clerks of the respective County Courts of each county, be returned to the first term of the District Court of counties respectively; and any judge or clerk of the respective counties neglecting to comply with this act, shall be considered guilty," &c. The direction for the returning of "process" to the District Court might be construed to mean that the process only was to be returned to that court in cases instituted and pending in the County Court. But when the whole provision is considered, that manifestly was not the meaning of the statute. If the process only was to be returned to the District Court, the direction would have

Campbell v. Townsend.

been to the sheriff, whose duty it is to return "process." But the duty is enjoined upon the judges and clerks, and the intention manifestly was that the record of the cause should be transferred from the court from which the jurisdiction had been taken away, to that upon which it was conferred. The word "process" is used in the sense of proceedings, embracing, it is concluded, the whole record.

This view of the statute would lead to the conclusion that the clerk of the County Court had no authority to issue execution, or to attest a copy of the record for the purposes of evidence, he no longer being the legal keeper thereof, and it must follow that the objection to the admissibility of the transcript was well taken and ought to have been sustained. The transcript certainly was not admissible upon the certificate of the clerk of the County Court. This objection may be removed upon another trial, and it may become necessary to decide upon the effect of the lapse of time upon the defendant's title, and that may depend on other circumstances which do not now appear by the record; as whether possession has been taken and held under it for any considerable length of time. It may, however, be material also to consider whether the defendant has any equity by reason of having satisfied the judgment recovered against the plaintiff, for which reparation should be made before he is dispossessed of the property. (Howard v. North, 5 Tex. R., 290.)

As the case is presented, it is unnecessary at present to consider these questions.

The judgment is reversed and the cause remanded.

Reversed and remanded.